No. 10,238.

THE STATE EX REL. A. L. JOHNSON VS. CITY OF NEW ORLEANS ET AL.

The City Council of New Orleans has the right, and it is its duty, to refuse to pass an ordinance to pay claims of doubtful validity. Its decision, however, is not final. The creditor has the right to apply to the courts to have his claim judicially determined, and its payment enforced, if correct and valid.

An injunction cannot issue when there is no primary demand in aid of which this secondary remedy is invoked.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Braughn, Buck, Dinkelspiel & Hart* for Plaintiff and Appellee.

*Carleton Hunt*, City Attorney, for Defendant and Appellant:

The judge below having exercised a sound and legal discretion in declining an injunction called for under Article 303 of the Code of Practice, the Supreme Court will not undertake to control the judge's action. The same rule will be applied to relator's prayer for the writ of mandamus. New Orleans vs. Telegraph Co., 37 Ann. 573; State ex rel. Savage vs. N. H. Rightor, Judge, 38 Ann. 960.

The City Council of New Orleans being a political body, clothed with certain legislative and discretionary powers, the court will not interefere by injunction with the exercise of those powers. High on Injunction, vol. 2, p. 833, par. 1240; State ex rel. Behan, 38 Ann. 1075.

Where the writs of injunction and mandamus have been regularly and lawfully refused by the court below, against the City of New Orleans, in a matter concerning its police and internal regulations and government, a suspensive appeal from the refusal will not lie.

The opinion of the Court was delivered by

MCENERY, J.   The relator alleges he is the holder and owner of certificates for work and labor done in the Police and Improvement Departments of the City of New Orleans for over $2000; that the amounts due him are for services rendered in said departments during the months of March and April, 1888, as shown by the rolls of said months for said departments; that he is the transferree of the claims from the benificiaries, and that he acquired the same in due course of business, and in a manner which had long been practiced with the approval of said city.

The transfers have been registered, as required, in the office of the Comptroller.

The city refuses to pass the required ordinance for the payment of these claims, and alleges that they are not due and are in dispute.   Pay-

ments by the city of the pay rolls in these departments have been made of subsequent months, and what is known as the "one-twelfth rule" has been violated. For there reasons relator and plaintiff fears that the fund out of which his claims are to be paid will be destroyed and he will suffer an irreparable injury, as his only mode of payment is by an ordinance of the City Council directing the payment of his claims out of the budget appropriation for said months of March and April. He prays for a writ of injunction, as follows:

" That a writ of injunction issue, enjoining, directing and prohibiting the said City of New Orleans, through the Mayor and Council aforesaid, from passing any ordinance directing the payment and appropriation of the funds in the Department of Public Works and the Department of Police, for the year 1888, for any months subsequent to that of April and March aforesaid, until said months of April and March have been paid, or an ordinance directing a payment in due course passed; and, further, that an injunction issue prohibiting and restraining the Comptroller of said city, Otto Thomas, and the City Treasurer, J. N. Hardy, from auditing, warranting or paying any ordinance passed to pay appropriations in the Departments of Public Works or Police, for any time or month subsequent to said months of March and April, until said months of March and April of 1888 are fully paid and satisfied, and petitioner prays that said City of New Orleans, its Mayor, members of the Council, said Comptroller, Otto Thomas, and said Treasurer, J. N. Hardy, be cited to appear and answer this petition, and after due proceedings, that said writ of mandamus be made peremptory and the injunction perpetuated."

The mandamus proceeding has been abandoned. The judge a quo refused the prayer for an injunction, and, from this order, plaintiff in injunction appealed. The evidence taken and introduced on the application for the mandamus is offered to support the plaintiff's petition for an injunction.

Section 64 of the city charter provides that the estimate for the city expenses, known as the Budget, "shall be considered as an appropriation of the amounts therein stated, for the purposes therein stated, and the Comptroller shall not audit, nor shall the Treasurer draw or sign any check upon the fiscal agent thereof for any claims, unless an appropriation thereof has been made in accordance with this act."

The amounts set apart in the budget for any specific purpose are to remain dedicated to said purpose, and a penalty is provided for a violation of this law.

When debts have been contracted by the city, by its direction, and

under its authority, for the purposes for which said appropriation in the budget is made, the fund so set apart remains dedicated to that purpose, and the creditors have a right to be paid out of that fund. This is undeniable. It is the duty of the Council, when debts have been thus legally contracted, to pass the required ordinance for their payment out of the fund set aside for this purpose. In this respect, the Council's duty is ministerial, and not legislative. But this duty does not compel the Council to pay claims against which there is a valid objection. It has the right, and it is its duty to exercise this right, in the interest of and for the protection of the public, to refuse to pay doubtful claims. Its decision, however, is not final. The party aggrieved has the right to have his claim judicially determined, and its payment enforced, if correct, by appropriate remedy.

No unconditional judgment could be rendered against the city on the claims in this case, but on a proper presentation of them there can be a judicial determination as to the city's liability, and if adversely to the city, it can be enforced.

The petition for the injunction, however, does not disclose any primary demand in aid of which the secondary remedy by injunction is invoked.

The city is not cited to answer any demand for the recognition of plaintiff's claims, but assuming that the claims are valid and existing obligations against the city, he asks for an injunction to restrain the city indefinitely from doing and performing necessary acts of administration until his claims are paid. He does not ask that the city shall perform any act in aid of his rights. This important primary demand is abandoned, and the injunction must fall, as there is no demand made upon the city to perform any act in aid of which the injunction issued.

The judgment appealed from is affirmed with costs.